IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIE HECKMAN,

      Plaintiff,

vs.                                               No. CIV 03-01224 JEC/WDS

BILLY W. MOORE, ERNEST C. BECENTI, JR. and
HARRY H. MENDOZA, BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF MCKINLEY;
MANAGEMENT & TRAINING CORPORATION, INC., a
Delaware corporation; and UNKNOWN PERSONS 1-100,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion to Dismiss, filed July 9, 2004 (*Doc. 27*). Having reviewed the motion, memoranda, responses thereto, and all relevant authority, the Court finds the motion well-taken in part and it is, therefore, GRANTED IN PART and DENIED IN PART.

**1.**    **Background**

Plaintiff is currently an inmate in John Burke Correctional Facility in Waupun, Wisconsin and was a former inmate of the McKinley County Adult Corrections Facility ("the Facility") in September of 2002. She filed a Complaint in the Eleventh Judicial District of New Mexico (County of McKinley) on September 22, 2003 (*Doc.1, Ex. A*), asserting claims against multiple defendants, including three McKinley County Commissioners, the Management & Training Corporation, Inc.,[1] and multiple unknown defendants. She asserts both state and federal law claims for constitutional

---

[1]      The private corporation hired by McKinley County to manage the Facility.

deprivations under the New Mexico Tort Claims Act (Count I); for monetary damages due to a deprivation of rights under 42 U.S.C. § 1983 (Count II) and for negligence (Count III). All of Plaintiff's claims arise from an alleged battery [2] on her by fellow inmates and the guards' failure to protect her from this battery.

Defendants removed Plaintiff's Complaint to this Court on the basis that Count II alleged a federal question. Defendants then filed this Motion to Dismiss asserting that Plaintiff's Complaint, including her state claims, be dismissed without prejudice because she failed to plead exhaustion of administrative procedures as required by 42 U.S.C. § 1997e(a). [3]   Plaintiff filed a brief Response, which also failed to state that she had exhausted administrative remedies. Defendants request this Court to disregard Plaintiff's Response as being substantively inadequate.  Exhibit B to Defendants' Reply contains portions of Plaintiff's deposition in which she testifies regarding her recollection of the incident at issue.


II.    **Legal Standard**

Defendants filed their Motion to Dismiss as a Fed.R.of Civ.P.12(b)(1) and 12(b)(6) motion. In a footnote to their Reply brief they ask the Court to treat the Motion as a Rule 12(c) motion.  Rule

---

[2]       Plaintiff's allegations are taken as true for the purpose of this Motion.

[3]       The Prison Reform Act of 1995:  42 U.S.C. § 1997(e)  Suits by prisoners (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983) , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies, as are available, are exhausted.  [This section revised the previous law which authorized district courts (in their discretion) to stay a state prisoner's §1983 action for a period not to exceed 180 days while the prisoner exhausted available "plain, speedy, and effective administrative remedies."]

12(b)(1) is an inappropriate basis for Defendants' Motion. The Section 1997e(a) exhaustion requirement is not a jurisdictional bar. *Steele v. Federal Bureau of Prisons*, 355 F. 3d 1204,1208 (10th Cir. 2003). Section 1997e(a) simply codifies the administrative exhaustion doctrine in order to govern the timing of federal-court decision making. "The provision does not defeat federal-court jurisdiction, it merely defers it." *Id*. Therefore this Court denies the Motion under Rule 12(b)(1). Rule 12(b)(6) is the appropriate basis for Defendants' Motion. *Id. at* 1212. "[T]he final administrative decision is central to a prisoner's claim, so that the prisoner is required to plead exhaustion and provide evidence of exhaustion. If he does not, he has *failed to state a claim* and the complaint is vulnerable to dismissal." *Id.*(emphasis added).

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), citing *Conley v. Gibson,* 235 U.S. 41, 45-46 (1957). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226,1236 (10th Cir.1999), citing *Miller v. Glanz*, 948 F.2d. 1562, 1565 (10th Cir. 1991). In considering a Motion to Dismiss the Court will "... accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party." *Gallegos v. Jicarilla Apache Nation*, 97 Fed. Appx. 806, 809 (10th Cir. 2003)(unpublished).

**III.    Discussion**

Plaintiff alleges that she was assaulted and physically and emotionally injured by unknown inmates at the Facility after she complained to guards that their cigarette smoking exacerbated her

asthma condition.  Plaintiff recalls the attack, but her recollection is incomplete due to oxygen deprivation caused during the assault.[4]

No party has provided evidence that a grievance procedure existed at the privately administered McKinley County Correctional Facility. Defendants move this Court to dismiss, without prejudice, Plaintiff's entire complaint because Plaintiff failed to plead exhaustion. Plaintiff asserts she is merely seeking monetary relief; did not know of  administrative procedures available to her; and was unable to utilize the procedures, if available, due to her medical problems and transfer to the Wisconsin facility.  She asks the Court to remand to state court rather than dismiss if the Court finds that she failed to exhaust her administrative remedies. Defendant opposes remand.

(A)     42 U.S.C. § 1983

Pursuant to 42 U.S.C. § 1997(e) ("the Prison Reform Act of 1995"),  Plaintiff is prohibited from bringing any action with respect to "prison conditions" under Section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law,  until she has exhausted all administrative remedies, "as are available." The current law on exhaustion is mandatory. *Correctional Officer Porter v. Nussle,* 534 U.S. 516, 524 (2002)

In a Section 1983 action, the burden is on the inmate to sufficiently plead exhaustion of grievance proceedings, which includes supplying documentation on administrative remedies prior to filing an action. *Schelin v. Haun,* 92 Fed. Appx. 688 (10th Cir.2004) (unpublished).

Plaintiff's assertion that she is seeking only monetary damages is immaterial to the exhaustion pleading requirement. *Porter v. Nussle,*534 U.S. 516, 524 (2002)*;  Yousek v. Reno*, 254 F.3d.1214

---

[4]     Defendants deny Plaintiff's version of the attack and attach reports of the facility employees who opine that she was in a locked cell and had attempted suicide. For the purpose of this Motion, this Court will accept as true all allegations made by Plaintiff.

(10th Cir. 2001); *West v. Saffle,* 30 Fed Appx. 877 (10th Cir. 2002)(unpublished). The administrative procedure need not provide the remedy the Plaintiff is seeking and the remedy may even be futile. *Booth v. Churner*, 532 U.S. 731, 740 (2001). "The [S]tatute's predominant concerns were to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court, and such concerns required the inmate to exhaust his administrative remedies prior to bringing his action concerning prison life." *Porter  v. Nussle,* 534 U.S. 516, 524 (2002).

The Court assumes Plaintiff is asking this Court to excuse her failure to exhaust administrative remedies, for she asserts she was unaware of any administrative procedure because of her medical condition, confinement to a mental health unit and subsequent transfer to a Wisconsin facility.  This Court will consider this issue since the exhaustion mandate is not a jurisdictional bar to the prisoner's claims. *Steele v. Federal Bureau of Prisons et al.*, 355 F. 3d. 1204, 1208 (10th Cir. 2003) (holding that Section 1997e(a) "simply codifies the administrative exhaustion doctrine in order to govern the time of federal court decision-making. . . . The provision does not defeat federal jurisdiction, it merely defers it." *Id.* at 1209. However, the Court declines to excuse Plaintiff's failure to demonstrate that she exhausted administrative remedies "available to her." Plaintiff has not shown that she investigated what procedures were available or provided specific facts to support her bare assertion that she was unable to pursue her administrative remedies because of her medical condition and subsequent transfer. The Tenth Circuit considered a similar set of circumstances in *Turrietta v. Barreras,* 91 Fed. Appx. 640 (10th Cir. 2004) (unpublished). In that case, a plaintiff could not be excused from exhausting his administrative remedies solely on the basis of his unsupported assertions that he was unable to pursue the procedural process because he was in solitary confinement and thereafter was transferred to another facility.  *Turrietta* held that the prisoner should have alleged specific facts to

5

indicate how solitary confinement and subsequent transfer prevented him from filing the applicable grievance required. Similarly, in *Herrera v. County of Santa Fe*, 79 Fed. Appx. 422 (10th Cir. 2003) (unpublished), the court found a prisoner's failure to exhaust his prison administrative remedies could not be excused on the ground that he was hospitalized after the incident and later placed in segregation. For the same stated reasons, the Court dismisses Plaintiff's federal claims without prejudice.

(B)     Plaintiff's Remaining Common Law and State Claims

Plaintiff also asserts state law claims. They do not require dismissal for failure to state a claim under the Prison Reform Act of 1995, as the Act applies only to claims arising under federal law. The Court declines to exercise jurisdiction of remaining state law claims under 28 U.S.C. § 1367.  The statute allows district courts to decline if  "[t]he district court has dismissed all claims over which it had original jurisdiction." The exercise of supplemental jurisdiction is discretionary. *Gold v. Local United Food and Commercial Workers Union,* 159 F.3d 1307, 1310 (10th Cir. 1998) (overruled on other grounds).  Therefore, this Court remands Plaintiff's remaining state claims to the Eleventh Judicial District of New Mexico (the County of McKinley)  for consideration of the remaining state issues, including, but not limited to, whether the employees of  the privately run Facility were public employees for the purpose of filing a claim under the New Mexico Tort Claim Act.

**IV.     Conclusion**

In summary, Plaintiff failed to plead or provide any evidence to defeat Defendants' Motion pertaining to claims arising under federal law. Therefore, Count II of Plaintiff's Complaint is dismissed without prejudice and the remaining claims are remanded to the Eleventh Judicial District of New Mexico (the County of McKinley) for resolution.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss *(Doc. 27)*, is GRANTED IN PART
and DENIED IN PART.

DATED September  29, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

William G. Stripp, Esq.
P.O. Box 159
Ramah, New Mexico  87321
(505) 783-4138

Counsel for Defendants:

James P. Barrett, Esq.
P. Scott Eaton, Esq.
P.O. Box 25305
Albuquerque, New Mexico 87125-5305
(505) 243-1486